**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                        Case No. 3:04-cv-9-J-32MMH

LARRY C. CLARK, and MATTIE'S
FAMOUS SEAFOOD, INC., d/b/a,
MATTIE'S FAMOUS SEAFOOD AND
CHICKEN,

        Defendants.

## ORDER

This case is before the Court on Plaintiff's Application for Entry of Judgment by Default (Doc. 13). In this action, plaintiff seeks to recover payment of a student loan debt owed by the debtor, Allen J. Anderson, whose wages the Secretary of Education ordered defendants, who are allegedly Anderson's employers, to garnish. Pursuant to 20 U.S.C. § 1095a(a)(6), the government may bring a civil suit against an employer who fails to garnish an employee debtor's wages upon order of the Secretary. In such an action, the government may seek recovery of the amount the employer failed to withhold, plus attorney's fees, costs, and punitive damages. 20 U.S.C. § 1095a(a)(6).

Defendants were properly served and have failed to appear and the motion and supporting documentation appear to be in proper order to warrant the entry of judgment for plaintiff by default. However, the amount of damages plaintiff seeks by default is premised on the "belief" that the original debtor, Allen J. Anderson, has been employed by defendants

from February 8, 2002 through at least January 31, 2005.[1] The complaint, which is not verified, states at ¶14 that "[t]he Secretary [of Education] has determined that as of February 8, 2002, the Debtor was employed by Mattie's Famous Seafood and Chicken. The Secretary believes that as of today [January 8, 2004, the date of filing the complaint], the debtor remains employed by Mattie's Famous Seafood and Chicken." Doc. 1. However, there does not appear to be any documentation in the file to support this "belief." The only additional reference to any connection between the debtor and defendants is contained in the Declaration of Larry W. Roles, a loan analyst with the Department of Education, submitted in support of the Motion for Default, which states that defendants were directed to garnish the debtor's wages when "[t]he [Department of Education] determined that, as of February 8, 2002, the Debtor was employed by Mattie's Famous Seafood and Chicken, Jacksonville, Florida, which is owned by Larry C. Clark." Doc. 13, Exhibit B. Again, however, the file contains no documentation to support the basis for this "determination."

Thus, while at this point the record supports a finding that defendants have defaulted by failing to appear after being properly served, the Court does not find that it could award damages on this record. Accordingly, it is hereby

**ORDERED**:

No later than **July 1, 2005**, plaintiff shall supplement its motion to substantiate the alleged connection between defendants and the debtor, Allen J. Anderson. Defendants are

---

[1] Plaintiff's damages calculation is based on 139 weeks of garnished wages defendants allegedly failed to withhold from the debtor between February 8, 2002 through January 31, 2005, the date plaintiff filed the motion for default, which amount is $5,055.24, plus attorney's fees of $1,307.00, for a total damages award of $6,362.24.

advised that a default judgment may be entered against them if they continue to fail to appear and they are directed to file a response to the motion for default no later than **July 15, 2005**. Plaintiff shall serve defendants with a copy of this Order and shall file a certificate of service to that effect.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of June, 2005.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record